UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. CHESTER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AUDREY KING, et al.,<br><br>　　　　Defendants. | 1:16-cv-01257-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 10.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS** |

## I. BACKGROUND

Raymond D. Chester ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 25, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On August 22, 2017, the court screened the Complaint under 28 U.S.C. § 1915(e) and dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.) On August 31, 2017, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 10.)

## II. SCREENING REQUIREMENT

The *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983

1

actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III. SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently housed at Coalinga State Hospital (CSH) in Coalinga, California, where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants, Audrey King (Executive Director), Jagsir Sandhu, M.D. (Chief Medical Officer), Bradley Powers, M.D. (Unit Physician), and Robert Withrow, M.D. (Medical Director of CSH) who were all employed at CSH during the relevant time period. Plaintiff informs the

court that Audrey King is now the former Executive Director and has been replaced by Brandon Price; Jagsir Sandhu, M.D. was replaced by Jeffrey Lee Neubarth, M.D., as Chief Medical Officer.

Plaintiff's allegations follow, in their entirety.

Plaintiff has Hepatitis C. Hepatitis C is a fatal disease of the liver. Hepatitis C will destroy plaintiff's liver and kill plaintiff if it is not treated. However, there is a cure for Hepatitis C. This cure is a drug called Harvoni. Harvoni is the only available treatment that will cure plaintiff's Hepatitis C disease.

At least three times since July 31, 2015, plaintiff has requested Hepatitis C treatment, but no treatment has commenced over the past year. Plaintiff has been repeatedly told that "approval is needed" to treat plaintiff's Hepatitis C. As of December 29, 2015, "a referral for an infectious disease consultant [was] made to address treatment of [plaintiff's] Hepatitis C" by plaintiff's former primary care physician. Nothing else has happened to actually provide plaintiff with Hepatitis C treatment. In fact, since his ascension into the position of plaintiff's Primary Care Physician in October 2016, defendant Bradley Powers has made refus[al]s to pursue the critical medical treatment plaintiff needs with Harvoni to stay alive and regain his health.

Please see attached Administrative Grievances, wherein plaintiff complained about not receiving treatment for his Hepatitis C. It must be noted that plaintiff is a patient in a state hospital with significant brain damage due to a previous motorcycle accident; it must be further noted that the "advocate specialists" handling plaintiff's administrative complaints did nothing to forward plaintiff's grievances to higher levels, preferring not to advocate for plaintiff, but to tell plaintiff to do it himself. However, plaintiff is informed and believes and thereon alleges that due to his verbal inquiries, defendant Powers personally interfered with the former referral for Harvoni by withdrawing it; the matter was personally denied by defendant Dr. Sandhu (and also by Dr. Neubarth and Dr. Withrow). Upon personal inquiry to defendant King through a third party (and also by Dr. Price), plaintiff has learned two things: (1) he will be consistently be denied Hepatitis C treatment with Harvoni, the only available treatment to cure Hepatitis C; and (2) At least four Hepatitis C patients at plaintiff's State hospital have requested Harvoni, and all four patients have been denied on the ground that they were not "sick enough" for Harvoni. In all four cases, plaintiff is informed and believes and thereon alleges that the four patients denied treatment with Harvoni died of cirrhosis of the liver, and therefore liver failure. In these cases, Harvoni is ineffective because the defendants wait too long to initiate treatment.

Plaintiff requests preliminary injunctive relief and monetary damages.

**IV. PLAINTIFF'S MEDICAL CLAIM**

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

3

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct.

2452 (1982). A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Id. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Id. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23.

Here, Plaintiff has failed to allege sufficient facts to demonstrate that any of the named Defendants' actions substantially departed from accepted professional judgment. Plaintiff alleges that defendant Bradley Powers refused to pursue the medical treatment Plaintiff needs; that defendant Powers personally interfered with the former referral for Harvoni by withdrawing it; that the matter was personally denied by defendant Dr. Sandhu (and also by Dr. Neubarth and Dr. Withrow); and that Plaintiff inquired to defendant King through a third party (and also by Dr. Price) and was told that (1) he will be consistently denied Hepatitis C treatment with Harvoni, and (2) at least four Hepatitis C patients at plaintiff's State hospital have requested Harvoni, and all four patients have been denied on the ground that they were not "sick enough" for Harvoni.

The written responses to Plaintiff's administrative complaints indicate that his doctor is aware of his concerns and Plaintiff was referred to a specialist so that treatment can be decided. This suggests a professional judgment to which the courts generally must defer. Plaintiff does not allege that any of the Defendants knew of any specific need for the treatment that Plaintiff wants. Nor has Plaintiff shown that his failure to receive this medication substantially deviated from professional standards. No specific harm is alleged.

The court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under § 1983.

///

///

## V. CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff's First Amended Complaint fails to state any claim upon which relief may be granted under § 1983. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk be ordered to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 6, 2018**           **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE