UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. CHESTER,<br><br>    Plaintiff,<br><br>    v.<br><br>AUDREY KING, et al.,<br><br>    Defendants. | No. 1:16-cv-01257-DAD-GSA<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 11) |

Plaintiff Raymond D. Chester is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 31, 2017, plaintiff filed his First Amended Complaint. (Doc. No. 10 ("FAC").) On February 6, 2018, the assigned magistrate judge screened plaintiff's FAC and issued findings and recommendations, recommending that this action be dismissed with prejudice due to plaintiff's failure to state a claim upon which relief could be granted. (Doc. No. 11.) The findings and recommendations were served on plaintiff and provided plaintiff fourteen days in which to file objections. On February 22, 2018, plaintiff filed objections. (Doc. No. 12.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court declines to adopt the findings and recommendations.

1

In his FAC, plaintiff alleges as follows. Plaintiff has Hepatitis C, a fatal disease of the liver. (FAC at 3.)[1] At least three times since July 15, 2015, he has requested Hepatitis C treatment, but no treatment has commenced over the past year. (*Id.* at 4.) Plaintiff has been repeatedly told that "approval is needed" in order to treat plaintiff's condition, and as of December 29, 2015, plaintiff was referred to an infectious disease consultant to address his condition. (*Id.*) However, at no point has he ever been provided with any treatment. (*Id.*)

The Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. 14 § 1. Fourteenth Amendment protections cover a procedural as well as a substantive sphere, such that they bar certain government actions regardless of the fairness of the procedures used to implement them. *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). Here, because plaintiff was and remains a civil detainee, his right to be free from cruel and unusual punishment is derived from the due process clause of the Fourteenth Amendment rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016).

The Ninth Circuit has clarified that, in the context of detainees protected by the Fourteenth Amendment, deliberate indifference is interpreted solely from an objective perspective and has no subjective component. *Castro*, 833 F.3d at 1069–70. Rather, "a pretrial detainee who asserts a due process claim for failure to protect [must] prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* at 1070–71. Thus, plaintiffs here must plead four elements in stating their deliberate indifference claim: (1) "[t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the

---

[1] Although plaintiff alleges that a drug called Harvoni is "the only available treatment that will cure plaintiff's Hepatitis C disease" (FAC at 3), the undersigned liberally construes his pro se pleading as alleging a total failure to treat his medical condition by defendants.

2

consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1071. Regarding the third element, the defendant's conduct must be objectively unreasonable, which is determined based on the "facts and circumstances of each particular case." *Id.* (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)).

In a case where the plaintiff is proceeding *pro se*, the court has an obligation to construe the pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted); *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017). However, the court's liberal interpretation of a *pro se* complaint may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the court finds that the allegations of the FAC are sufficient to survive dismissal at the screening stage. Hepatitis C has long been recognized as a serious medical need. *Erickson*, 551 U.S. at 94–95 (reversing a district court's dismissal of a deliberate indifference claim brought by a plaintiff suffering from Hepatitis C); *accord Shields v Cannon*, No. 2:11-CV-3185 JAM AC, 2013 WL 5295681, at *5 (E.D. Cal. Sept. 18, 2013), *report and recommendation adopted*, 2013 WL 6670469 (E.D. Cal. Dec. 18, 2013); *Butler v. Kelso*, No. 11CV02684 CAB RBB, 2013 WL 1883233, at *5 (S.D. Cal. May 2, 2013). The court likewise concludes that under the due process clause, Hepatitis C puts plaintiff at a substantial risk of suffering serious harm.

With respect to whether defendants made an intentional decision, plaintiff alleges that after attempting to contact defendant King regarding treatment for Hepatitis C, he was told that he would be denied treatment with Harvoni. (FAC at 4.) Plaintiff also alleges that defendant Powers personally interfered with plaintiff's former referral for Harvoni by withdrawing it. (*Id.*) Finally, plaintiff alleges that defendant Sandhu denied his prescription. (*Id.*) These allegations sufficiently claim that each of these actions constituted "intentional decisions" with respect to plaintiff's condition. Plaintiff also alleges in the complaint that "[t]he denial of plaintiff's

3

treatment is still ongoing," and that "no treatment has commenced over the past year." (*Id.* at 3–4.) Accepting plaintiff's allegations as true, therefore, defendants did nothing to abate the risk to plaintiff since they provided him with no medical treatment whatsoever. The failure to provide such treatment could, if proven, constitute objectively unreasonable conduct. Regarding damages, plaintiff alleges that Hepatitis C "will destroy plaintiff's liver and kill plaintiff if it is not treated," and that Harvoni "will cure plaintiff's Hepatitis C disease." (*Id.* at 3.) Viewed as a whole, these allegations are sufficient to state a medical indifference claim under the Fourteenth Amendment.

Despite these allegations, the assigned magistrate judge concluded that plaintiff failed to state a claim. The assigned magistrate judge noted that plaintiff's doctor is aware of plaintiff's concerns with regard to Hepatitis C, and reasoned that any failure by defendants to take action with respect to plaintiff's condition "suggests a professional judgment to which the courts generally must defer." (Doc. No. 11 at 5.) In reaching this conclusion, the assigned magistrate judge adopted a view of the allegations favorable to defendants. This violates the rule that at the pleading stage, the court must construe all allegations in the light most favorable to plaintiff. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Whether defendants' conduct was objectively unreasonable depends on "facts and circumstances of each particular case," and will be determined based on the evidence presented by both sides. *Kingsley*, 135 S. Ct. at 2473. It is not plaintiff's burden at the pleading stage to "show[] that his failure to receive this medication substantially deviated from professional standards." (Doc. No. 11 at 5.) The court concludes that dismissal of this action at screening is inappropriate.[2]

For the reasons set forth above,

1. The court declines to adopt the findings and recommendations issued February 6, 2018 (Doc. No. 11)

---

[2] This is not to say that plaintiff's claims will necessarily be proven to be meritorious. If the evidence establishes that this is a case where the plaintiff merely disagrees with the medical treatment that the doctors have determined is appropriate for his condition, then defendants will prevail on summary judgment or possibly even before that stage of the litigation. However, the undersigned interprets plaintiff's pro se allegations as claiming that he has been denied any treatment for his serious medical condition.

4

2. Plaintiff shall proceed on his first amended complaint against all defendants on his claim brought pursuant to 42 U.S.C. § 1983; and

3. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **April 20, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE