UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. CHESTER,<br><br>    Plaintiff,<br><br>vs.<br><br>AUDREY KING, et al.,<br><br>    Defendants. | 1:16-cv-01257-DAD-GSA-PC<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS**<br>**(ECF No. 29.)**<br><br>**ORDER FOR DEFENDANT BRADLEY POWERS, M.D., TO PROVIDE VERIFICATION OF INTERROGATORIES TO PLAINTIFF WITHIN THIRTY DAYS** |

**I.    BACKGROUND**

Raymond D. Chester ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint against defendants Audrey King (Executive Director), Jagsir Sandhu, M.D. (Chief Medical Officer), Bradley Powers, M.D. (Unit Physician), and Robert Withrow, M.D. (Medical Director of CSH) for providing inadequate medical treatment to Plaintiff in violation of the Fourteenth Amendment. (ECF No. 10.)

On December 19, 2018, the court issued a Discovery and Scheduling Order, setting a deadline of June 19, 2019, for the parties to conduct discovery, including the filing of motions to compel, and a deadline of August 19, 2019, for the filing of dispositive motions. (ECF No. 25.) The deadlines have now expired.

On June 5, 2019, Plaintiff filed a motion to compel defendant Bradley Powers, M.D. to further respond to Plaintiff's First Set of Interrogatories, and for sanctions. (ECF No. 29.) On June 26, 2019, defendant Powers filed an opposition to the motion. (ECF No. 31.) Plaintiff did not reply to the opposition, and the time for filing a reply has passed. Plaintiff's motion to compel is now before the court. Local Rule 230(*l*).

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS

### A. <u>Allegations</u>

Plaintiff's allegations in the First Amended Complaint follow, in their entirety.

> Plaintiff has Hepatitis C. Hepatitis C is a fatal disease of the liver. Hepatitis C will destroy plaintiff's liver and kill plaintiff if it is not treated. However, there is a cure for Hepatitis C. This cure is a drug called Harvoni. Harvoni is the only available treatment that will cure plaintiff's Hepatitis C disease.
>
> At least three times since July 31, 2015, plaintiff has requested Hepatitis C treatment, but no treatment has commenced over the past year. Plaintiff has been repeatedly told that "approval is needed" to treat plaintiff's Hepatitis C. (ECF No. 10 at 4.) As of December 29, 2015, "a referral for an infectious disease consultant [was] made to address treatment of [plaintiff's] Hepatitis C" by plaintiff's former primary care physician. (<u>Id.</u>) Nothing else has happened to actually provide plaintiff with Hepatitis C treatment. In fact, since his ascension into the position of plaintiff's Primary Care Physician in October 2016, defendant Bradley Powers has made refus[al]s to pursue the critical medical treatment plaintiff needs with Harvoni to stay alive and regain his health.
>
> Please see attached Administrative Grievances, wherein plaintiff complained about not receiving treatment for his Hepatitis C. It must be noted that plaintiff is a patient in a state hospital with significant brain damage due to a previous motorcycle accident; it must be further noted that the "advocate

specialists" handling plaintiff's administrative complaints did nothing to forward plaintiff's grievances to higher levels, preferring not to advocate for plaintiff, but to tell plaintiff to do it himself. (Id.) However, plaintiff is informed and believes and thereon alleges that due to his verbal inquiries, defendant Powers personally interfered with the former referral for Harvoni by withdrawing it; the matter was personally denied by defendant Dr. Sandhu (and also by Dr. Neubarth and Dr. Withrow). Upon personal inquiry to defendant King through a third party (and also by Dr. Price), plaintiff has learned two things: (1) he will be consistently be denied Hepatitis C treatment with Harvoni, the only available treatment to cure Hepatitis C; and (2) At least four Hepatitis C patients at plaintiff's State hospital have requested Harvoni, and all four patients have been denied on the ground that they were not "sick enough" for Harvoni. (Id.) In all four cases, plaintiff is informed and believes and thereon alleges that the four patients denied treatment with Harvoni died of cirrhosis of the liver, and therefore liver failure. In these cases, Harvoni is ineffective because the defendants wait too long to initiate treatment.

**B.** **Civil Detainees**

Plaintiff is a civil detainee at Coalinga State Hospital (CSH) in Coalinga, California. "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose condition of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982). A civil detainee "is entitled to protections at least as great as those afforded to a civilly committed individual and at least as great as those afforded to an individual accused but not convicted of a crime." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004). Nevertheless, civilly committed persons can "be subjected to liberty restrictions 'reasonably related to legitimate government objectives and not tantamount to punishment.'" Serna v. Goodno, 567 F.3d 944, 949 (8th Cir. 2009) (quoting Youngberg, 457 U.S. at 320-21).

///

## C. **Plaintiff's Medical Claim -- Fourteenth Amendment**

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. 14 § 1. Fourteenth Amendment protections cover a procedural as well as a substantive sphere, such that they bar certain government actions regardless of the fairness of the procedures used to implement them. County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). Here, because Plaintiff was and remains a civil detainee, his right to be free from cruel and unusual punishment is derived from the due process clause of the Fourteenth Amendment rather than the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Castro v. County of Los Angeles, 833 F.3d 1060, 1067–68 (9th Cir. 2016).

The Ninth Circuit has clarified that, in the context of detainees protected by the Fourteenth Amendment, deliberate indifference is interpreted solely from an objective perspective and has no subjective component. Castro, 833 F.3d at 1069–70. Rather, "a pretrial detainee who asserts a due process claim for failure to protect [must] prove more than negligence but less than subjective intent—something akin to reckless disregard." Id. at 1070–71. Thus, Plaintiff here must plead four elements in stating his deliberate indifference claim: (1) "[t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries." Id. at 1071. Regarding the third element, the defendant's conduct must be objectively unreasonable, which is determined based on the "facts and circumstances of each particular case." Id. (quoting Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015)).

On April 23, 2018, the court found that liberally construed, Plaintiff stated a medical claim in the First Amended Complaint against defendants Audrey King (Executive Director), Jagsir Sandhu, M.D. (Chief Medical Officer), Bradley Powers, M.D. (Unit Physician), and

Robert Withrow, M.D. (Medical Director of CSH) who were all employed at CSH during the relevant time period. Plaintiff informed the court that Audrey King is now the former Executive Director and has been replaced by Brandon Price, and that Jagsir Sandhu, M.D., was replaced by Jeffrey Lee Neubarth, M.D., as Chief Medical Officer. The court liberally construed Plaintiff's *pro se* pleading as alleging a total failure to treat his medical condition by defendants.

## III. MOTION TO COMPEL

### A. Federal Rules of Civil Procedure 26(b), 33(a), and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 33(a), an interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)(3). An evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

///

///

### A. Plaintiff's Motion

Plaintiff seeks an order compelling defendant Bradley Powers, M.D. ("Defendant"), to respond further to Plaintiff's First Set of Interrogatories which were propounded upon Defendant on April 11, 2019. Counsel for defendant Powers responded to Plaintiff's interrogatories on May 16, 2019.

Plaintiff first argues that Defendant's responses are all frivolous objections made by defense counsel, and there is no indication that Plaintiff's interrogatories were presented to Defendant by his counsel for *his* responses. Second, Plaintiff contends that if Defendant does not possess, own, or maintain any records to respond to Plaintiff's interrogatories, Defendant should obtain access to Plaintiff's medical records directly and/or through assistance of Coalinga State Hospital's Health Information Maintenance Division. Third, Plaintiff disagrees with Defendant's claim that the information sought by Plaintiff is equally available to Plaintiff because Plaintiff does not have access to the records, nor does he have the skill to search through many binders of medical documents in the limited time that would be given. Finally, Plaintiff asserts that he seeks the thoughts, intent, and motive of Dr. Powers as this information is the purpose of much discovery under Rule 26 of the Federal Rules of Civil Procedure.

### B. Defendant Powers's Opposition

Defendant Powers opposes Plaintiff's motion against him because, (1) Plaintiff failed to engage in a good faith effort to resolve the discovery disputes pursuant to the Federal Rules of Civil Procedure and the Local Rules, and (2) Defendant Powers did not provide evasive or incomplete responses or make meritless, boilerplate objections to Plaintiff's discovery requests.

First, Defendant asserts that his responses to many of Plaintiff's interrogatories are dependent on an evaluation of Plaintiff's medical records which Dr. Powers is not in possession of, nor has access to the same. Defendant asserts that he has sent multiple subpoenas to CSH but CSH has not released any medical records to him. Defendant stated in his written responses to interrogatories that he does not possess, own, or maintain any records.

Second, Defendant argues that Plaintiff's motion should be denied because Plaintiff did not satisfy his burden under the Federal and Local Rules to meet and confer in good faith with

Dr. Powers before filing his motion. Defendant also argues that Plaintiff's motion is deficient because it does not specifically identify which discovery requests are disputed and subject to the motion, and why the information he seeks is relevant to this case.

Finally, Defendant asserts that he fully responded to each interrogatory based on the information available to him, and that he was not Plaintiff's treating physician at the time contemplated by some of the interrogatories. Defendant also asserts that a signed verification was served on Plaintiff with the discovery responses.

### C. **Discussion**

While the parties in this case are not required to meet and confer prior to filing motions to compel, Defendant is correct that they are required to exchange written correspondence in an attempt to resolve the issues. (ECF No. 25 at 2:15-24.) There is no indication that Plaintiff complied with this directive. Defendant also correctly points out that Plaintiff's motion to compel is procedurally deficient. At a minimum, as the moving party Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel; (2) which of Defendant's responses are disputed; (3) why he believes Defendant's responses are deficient; (4) why Defendant's objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. See e.g., Brooks v. Alameida, 2009 WL 331358 at *2 (E.D.Cal. Feb.10, 2009); Ellis v. Cambra, 2008 WL 860523 at *4 (E.D.Cal. Mar. 27, 2008). Plaintiff has not done so. Plaintiff does not address each of Defendant's responses to individual interrogatories, yet he concludes that "[e]ach and every response to plaintiff's interrogatories is a frivolous objection made by counsel." (ECF No. 29 at 3 ¶ 1.) The parties are advised that the court does not hold litigants proceeding *pro se* to precisely the same standards that it holds attorneys, therefore despite the procedural deficiencies the court shall address Plaintiff's arguments.

Plaintiff argues that defense counsel, and not defendant Powers, responded to his interrogatories and failed to provide Defendant's verification under oath. Under the Federal Rules of Civil Procedure, interrogatories must be signed, under oath, by the party itself, not the party's lawyer. See Fed. R. Civ. P. 33(b)(3) and (5) (the *party* must answer each interrogatory

7

separately and fully in writing under oath—the attorney signs only as to objections that are interposed). Defendant responds that a signed verification by Defendant Powers was provided to Plaintiff. In the event that Plaintiff did not receive the signed verification, Defendant shall be required to provide Plaintiff with a copy within thirty days.

Plaintiff asserts that Defendant failed to provide responses to the interrogatories that can be found in documents under Defendant's control. Plaintiff contends that Defendant is required to request Plaintiff's records from Coalinga State Hospital instead of simply stating that Defendant does not own, possess, or maintain medical records. While a reasonable effort to respond must be made, a responding party is not generally required to conduct extensive research in order to answer an interrogatory. Gorrell v. Sneath, 292 F.R.D. 629, 629 (E. D. Cal. Apr. 5, 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Here, Defendant asserts that he does not have the records, and he has made requests to CSH for the records but has not received them. Defendant cannot be expected to provide answers that he does not have, or has not been able to obtain despite due diligence.

Plaintiff argues that he does not have access to the sought-after records himself, nor does he have the skill to search through many binders of medical documents in the time that would be given. However, upon a proper request, Plaintiff should be allowed access to his own medical records at CSH. Plaintiff has not indicated whether he made such a request, but he makes reference to multiple binders of his records that would be burdensome to search through. Burdensome or not, Plaintiff may not expect Defendant to do his research for him. A party answering interrogatories cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control, Essex Builders Group, Inc. v. Amerisure Insurance Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005), but Defendant is not required to conduct extensive research in order to answer an interrogatory.

The court has reviewed Defendant's responses to each of the eight interrogatories in Plaintiff's First Set of Interrogatories and finds that all of Defendant's responses are sufficient. Plaintiff's argument that Defendant only makes frivolous objections is without merit. While Defendant has raised objections to many of the interrogatories, Defendant has also provided

reasonable responses to those same interrogatories "subject to and without waiving these objections." (E.g., ECF No. 29 at 11:17-22, 12:1-9, 13:10-13.) The court finds that Defendant has fully and satisfactorily responded to each of the interrogatories.

Based on the foregoing, Plaintiff's motion to compel shall be granted in part. Defendant shall be required to provide Plaintiff with a verification of the interrogatories signed under oath by Defendant Bradley Powers, M.D., within thirty days. However, Defendant is not required to provide further responses to any of Plaintiff's interrogatories.

## IV. MOTION FOR SANCTIONS

Plaintiff also brings a motion for punitive sanctions against defendant Powers and defense counsel. Plaintiff is not entitled to sanctions as his motion to compel was not meritorious and there are no other grounds presented which support a request for sanctions. Fed. R. Civ. P. 37(a)(5), (d). Therefore, Plaintiff's motion for sanctions shall be denied.

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on June 5, 2019, is GRANTED IN PART;
2. Defendant is required to provide Plaintiff with a verification of the interrogatories signed under oath by defendant Bradley Powers, M.D., within thirty days from the date of service of this order;
3. Other than providing the verification, Defendant is not required to make any further responses to any of the eight interrogatories in Plaintiff's First Set of Interrogatories; and
4. Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated: **August 26, 2019**            **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE