UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. CHESTER,<br><br>  Plaintiff,<br><br>vs.<br><br>AUDREY KING, et al.,<br><br>  Defendants. | 1:16-cv-01257-DAD-GSA-PC<br><br>**ORDER GRANTING DEFENDANT POWERS' IN CAMERA REQUEST TO FILE EXHIBITS UNDER SEAL**<br><br>**ORDER FOR CLERK TO FILE UNDER SEAL:**<br><br>**(1) DEFENDANT POWERS' REQUEST TO FILE EXHIBITS UNDER SEAL; AND**<br><br>**(2) EXHIBIT "D" TO ANOUSH HOLADAY'S DECLARATION IN SUPPORT OF DEFENDANT POWERS' MOTION FOR SUMMARY JUDGMENT** |

## I. BACKGROUND

Raymond D. Chester ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on August 31, 2017 against defendants Audrey King

1

(Executive Director), Jagsir Sandhu, M.D. (Chief Medical Officer), Bradley Powers, M.D. (Unit Physician), and Robert Withrow, M.D. (Medical Director of CSH) (collectively, "Defendants") for failing to provide adequate medical care to Plaintiff in violation of the Fourteenth Amendment. (ECF No. 10.)

On June 21, 2019, Defendants filed a Stipulation and [proposed] Protective Order regarding disclosure of confidential health information and personal information. (ECF No. 30.) On July 2, 2019, the court approved the stipulated Protective Order (ECF No. 32.)

On August 19, 2019, defendant Bradley Powers, M.D. ("Powers") filed a motion for summary judgment. (ECF No. 36.) On the same date, Powers filed a Notice of Request to Seal Exhibits in support of the motion for summary judgment. (ECF No. 36-11.) Also on August 19, 2019, Defendant emailed to chambers:

(1) an *in camera* Request to Seal Exhibit "D" to Anoush Holaday's Declaration in support of Defendant's Motion for Summary Judgment;

(2) a copy of Anoush Holaday's Declaration and its Exhibits A, B, and C (ECF No. 36-3, 36-4, 36-5, 36-6); and

(3) an *in camera* unredacted copy of Exhibit "D" to Anoush Holaday's Declaration consisting of Plaintiff's supporting medical records to be sealed.

On or about August 19, 2019, Plaintiff was served with Powers' Notice of Request to Seal, Request to Seal, and the Exhibit "D" documents proposed to be sealed, but has not filed an opposition to the Request to Seal.[1]

Powers' request to seal exhibits is now before the court. Local Rule 230(*l*).

## II. SEALING DOCUMENTS

Federal courts have recognized a strong presumption that judicial records are accessible to the public. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor

---

[1] Except in criminal pre-indictment matters, and unless otherwise ordered by the Court, a party may submit an opposition to the "Request to Seal Documents" within three days of the date of service of the "Notice of Request to Seal Documents." Local Rule 141(c).

of access' is the starting point." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case," Nixon v. Warner Communications, Inc., 435 U.S. 589, 599, 98 S.Ct. 1306, 1312 (1978). Courts should consider "the interests [of] the parties in light of the public interest and the duty of the courts." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon, 435 U.S. at 602).

There are two standards for a party to consider when it seeks to file a document under seal: the compelling reasons standard and the good cause standard. See Center for Auto Safety v. Chrysler Group. LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (quoting Kamakana, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. The Ninth Circuit has clarified that the key in determining which standard to apply in assessing a motion for leave to file a document under seal is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." Center for Auto Safety, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Center for Auto Safety described the good cause standard, on the other hand, as the exception to public access that had been applied to "sealed materials attached to a discovery motion unrelated to the merits of a case." Id. (citing Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213-14 (9th Cir. 2002) ). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court

///

///

may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. (citing Fed. R. Civ. P. 26(c) ). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz , 331 F.3d at 1136.

### III. DEFENDANT POWERS' REQUEST TO FILE EXHIBITS UNDER SEAL

In order to protect Plaintiff's privacy right to confidential information pursuant to Article I, Section 1 of the California Constitution and HIPAA,[2] Powers requests a court order permitting Exhibit "D" to Anoush Holaday's Declaration in support of Powers' Motion for Summary judgment, consisting of 262 pages, to be filed under seal. Powers seeks to seal excerpts from Plaintiff's medical records, which contain sensitive and protected health information. Powers contends that there is an overriding interest in these documents being sealed from public view in order to protect Plaintiff's sensitive medical information and privacy.

### IV. DISCUSSION

Here, Powers seeks to file exhibits under seal in connection with his motion for summary judgment (ECF No. 36), which is unquestionably "more than tangentially related to the merits of a case." Therefore, the compelling reasons standard applies.

This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records. See, e.g., San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co., No. C 10–02258 SBA, 2011 WL 89931, at *1 n. 1 (N.D.Cal. Jan.10, 2011); Abbey v. Hawaii Emp'r Mut. Ins. Co., Civil No. 09–000545 SOM/BMK, 2010 WL 4715793, at * 1–2 (D.Haw. Nov.15, 2010); G. v. Hawaii, 2010 WL 267483, at *1-2 (D.Haw. June 25, 2010); Wilkins v. Ahern, No. C 08–1084 MMC (PR), 2010 WL 3755654, at *4 (N.D.Cal. Sept.24, 2010); Lombardi v. Tri West Healthcare Alliance Corp.,

///

///

---

[2] Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d *et seq*.

2009 WL 1212170, at *1 (D.Ariz. May 4, 2009); and Battle v. Martinez, 2:16-cv-0411-TLN-CKD, 2017 WL 445736 at *3 (E.D.Cal. Feb. 2, 2017). This is because a person's medical records contain sensitive and private information about their health. Plaintiff's claim in this case is for inadequate medical treatment in violation of the Fourteenth Amendment based on allegations that defendants King, Powers, Sandhu, and Withrow denied him treatment for Hepatitis C. While a plaintiff puts certain aspects of his medical condition at issue when he files an action alleging deliberate indifference to a serious medical need under the Fourteenth Amendment, that does not mean that all of his medical records filed in connection with a motion for summary judgment need be unnecessarily available to the public. In other words, the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records.

The court has reviewed the documents submitted *in camera* as Exhibit "D" and finds that Exhibit "D" contains Plaintiff's sensitive health information, medical history, and treatment records. Plaintiff has placed his Hepatitis C diagnosis and the medical treatment for this condition by Defendants at issue. However, the medical records in Exhibit "D" include sensitive information about Plaintiff's medical history that is not at issue in Powers' motion for summary judgment. Powers has made an adequate showing of compelling reasons to seal these medical records. Balancing the need for the public's access to information regarding Plaintiff's sensitive medical history against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing these exhibits. Accordingly, the court will grant defendant Powers' unopposed motion to seal Exhibit "D." As Powers submitted these documents to the court for *in camera* review per Local Rule 141(b), the court will direct the Clerk of Court to file them under seal, nunc pro tunc, as of the date the exhibits were submitted.

**V.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Powers' Request to File Exhibits under Seal, submitted for *in camera* review on August 19, 2019, is GRANTED; and

///

2. The Clerk of Court is DIRECTED to file **under seal**, as of the submission date, the following documents which were submitted to the court for *in camera* review on August 19, 2019:

    (1) Defendant Powers' Request to File Exhibits Under Seal; and

    (2) Exhibit "D" to Anoush Holaday's Declaration in support of Defendant Powers' Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: **September 10, 2019**             **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE