UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. CHESTER,<br><br>   Plaintiff,<br><br> vs.<br><br>AUDREY KING, et al.,<br><br>   Defendants. | 1:16-cv-01257-DAD-GSA-PC<br><br>**ORDER DENYING DEFENDANTS KING, SANDHU AND WITHROW'S REQUEST TO SEAL EXHIBITS**<br>**(ECF No. 37-9.)** |

## I.  BACKGROUND

Raymond D. Chester ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on August 31, 2016, against defendants Audrey King (Executive Director), Jagsir Sandhu, M.D. (Chief Medical Officer), Bradley Powers, M.D. (Unit Physician), and Robert Withrow, M.D. (Medical Director of CSH) for failing to provide adequate medical care to Plaintiff in violation of the Fourteenth Amendment. (ECF No. 10.)

On June 21, 2019, all of the defendants filed a Stipulation and [proposed] Protective Order regarding disclosure of confidential health information and personal information. (ECF No. 30.) On July 2, 2019, the court approved the stipulated Protective Order (ECF No. 32.)

1

On August 19, 2019, defendants King, Sandhu, and Withrow ("Defendants") filed a motion for summary judgment, together with a Notice of Request to Seal Exhibits in support of their motion for summary judgment.[1] (ECF No. 37-11.) On October 15, 2019, Defendants submitted a proposed Order Granting Defendants' Request to Seal Exhibits. Plaintiff has not filed an opposition to the Request to Seal.

Defendants King, Sandhu, and Withrow's Request to Seal Exhibits is now before the court. Local Rule 230(*l*).

## II.   SEALING DOCUMENTS

Federal courts have recognized a strong presumption that judicial records are accessible to the public. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case," Nixon v. Warner Communications, Inc., 435 U.S. 589, 599, 98 S.Ct. 1306, 1312 (1978). Courts should consider "the interests [of] the parties in light of the public interest and the duty of the courts." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon, 435 U.S. at 602). Generally, if a party seeks to seal a judicial record, the party bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings" to justify sealing the records at issue. Kamakana, 447 F.3d at 1178.

There are two standards for a party to consider when it seeks to file a document under seal: the compelling reasons standard and the good cause standard. See Center for Auto Safety v. Chrysler Group. LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the

---

[1] Given that Defendants did not submit a separate "Request to Seal Exhibits," the court construes the "Notice of Request to Seal Exhibits" as a "Notice and Request to Seal Exhibits" and rules accordingly.

factual basis for its ruling, without relying on hypothesis or conjecture." Id. (quoting Kamakana, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. The Ninth Circuit has clarified that the key in determining which standard to apply in assessing a motion for leave to file a document under seal is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." Center for Auto Safety, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Center for Auto Safety described the good cause standard, on the other hand, as the exception to public access that had been applied to "sealed materials attached to a discovery motion unrelated to the merits of a case." Id. (citing Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213-14 (9th Cir. 2002) ). "The 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" Id. (citing Fed. R. Civ. P. 26(c)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz , 331 F.3d at 1136.

### III. DEFENDANTS' REQUEST TO SEAL EXHIBITS

Defendants seek to seal the unredacted version of Exhibit "B" to Robert Withrow's declaration in support of Defendants' motion for summary judgment because it is "Confidential" under the terms of the Stipulated Protective Order entered by the court on July 2, 2019. Defendants also assert that Exhibit "B" contains protected health information as defined by the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d, et seq. and Article I, Section 1 of the California Constitution.

///

///

///

## IV. DISCUSSION

Here, Defendants seek to file exhibits under seal in connection with their motion for summary judgment (ECF No. 37), which is unquestionably "more than tangentially related to the merits of a case." Therefore, the compelling reasons standard applies.

This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records. See, e.g., San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co., No. C 10–02258 SBA, 2011 WL 89931, at *1 n. 1 (N.D.Cal. Jan.10, 2011); Abbey v. Hawaii Emp'r Mut. Ins. Co., Civil No. 09–000545 SOM/BMK, 2010 WL 4715793, at * 1–2 (D.Haw. Nov.15, 2010); G. v. Hawaii, 2010 WL 267483, at *1-2 (D.Haw. June 25, 2010); Wilkins v. Ahern, No. C 08–1084 MMC (PR), 2010 WL 3755654, at *4 (N.D.Cal. Sept. 24, 2010); Lombardi v. Tri West Healthcare Alliance Corp., 2009 WL 1212170, at *1 (D.Ariz. May 4, 2009); and Battle v. Martinez, 2:16-cv-0411-TLN-CKD, 2017 WL 445736 at *3 (E.D.Cal. Feb. 2, 2017). This is because a person's medical records contain sensitive and private information about their health.

The court has reviewed the documents submitted as Exhibit "B" and finds that Exhibit "B" contains only health information, medical history, and treatment records pertaining to Plaintiff's Hepatitis C diagnosis, which are at issue in this case. Defendants have not explained how the disclosure of any of the information pertaining to Plaintiff's treatment for Hepatitis C in this case could place Defendants or anyone else in danger.[2] Defendants have not made an adequate showing of compelling reasons to seal these medical records. This case is not one "traditionally kept secret" by the court. The court finds that on balance, the potential harm to Plaintiff's or Defendants' interests is outweighed by the presumption of access to judicial records, which favors disclosure. Permitting Plaintiff's relevant medical records to be filed under seal in this case would deprive the public of the information it is entitled to, namely the evidence in

---

[2] On September 10, 2019, the court granted defendant Powers' request to file his documents in Exhibit "D" under seal. (ECF No. 45.) The Exhibit "B" documents at issue here, like those in defendant Powers' Exhibit "D," contain health information, medical history, and treatment records pertaining to Plaintiff's Hepatitis C diagnosis. However, the documents in Exhibit "D" also contained records of Plaintiff's medical history not relevant to this case. Therefore, the court found that Exhibit "D" contained sensitive and private information about Plaintiff's health and granted defendant Powers' motion to seal. (Id.)

4

Exhibit "B" to Robert Withrow's declaration supporting Defendants' motion for summary judgment. Accordingly, the court will deny defendants King, Sandhu, and Withrow's request to seal documents in Exhibit "B."

**V.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that defendants King, Sandhu, and Withrow's Request to Seal Exhibits, filed on August 19, 2019, is DENIED.

IT IS SO ORDERED.

Dated:   **October 23, 2019**                              **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE