UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. CHESTER,<br><br>Plaintiff,<br><br>v.<br><br>AUDREY KING, et al.,<br><br>Defendants. | No. 1:16-cv-01257-DAD-GSA (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 33) |

Plaintiff Raymond D. Chester is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On July 29, 2019, plaintiff filed a "NOTICE of INTERLOCUTORY APPEAL" of the assigned magistrate judge's July 2, 2019 order approving defendants' stipulated protective order. (Doc. No. 33). That filing, however, is not an interlocutory appeal, and instead is directed to the undersigned. (*See id.* at 1) ("APPEAL TO U.S. DISTRICT JUDGE TO REVERSE PROTECTIVE ORDER TO DEFENDANTS"). The court *sua sponte* construes plaintiff's filing as objections to the magistrate judge's nondispositive order pursuant to Federal Rule of Civil Procedure 72. Plaintiff's objections will be overruled.

First, plaintiff's objections were served on July 26, 2019, twenty-four days after he was served with the order he is objecting to. Plaintiff's objections are therefore untimely. *See* Fed. R. Civ. P. 72(a) (requiring a party to "serve and file objections [to a pretrial matter not dispositive of a party's claim] within 14 days after being served with" the order). Second, even if the objections

1

were timely, they do not provide any basis upon which to reverse or reconsider the magistrate judge's order. Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f). *See also* 28 U.S.C. § 636(b)(1)(A). On a motion to reconsider a magistrate judge's non-dispositive order, the magistrate judge's factual determinations are reviewed for clear error, and the magistrate judge's legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–02 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [an] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (internal quotations and citations omitted). In reviewing pretrial orders of a magistrate judge, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991).

Here, the court has reviewed plaintiff's objections and finds that they do not demonstrate that any part of the magistrate judge's order approving defendants' stipulated protective order was clearly erroneous or contrary to law. Accordingly, plaintiff's objections to the magistrate judge's order (Doc. No. 33), in addition to being untimely, are overruled and if construed as a motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: **March 30, 2020**

UNITED STATES DISTRICT JUDGE