UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. CHESTER,<br><br>              Plaintiff,<br><br>       vs.<br><br>AUDREY KING, et al.,<br><br>              Defendants. | 1:16-cv-01257-DAD-GSA-PC<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO RESCIND ORDER SEALING PLAINTIFF'S MEDICAL RECORDS**<br>**(ECF No. 52.)**<br><br>**ORDER FOR DEFENDANT BRADLEY POWERS TO FILE COPY OF "EXHIBIT D TO ANOUSH HOLADAY'S DECLARATION" WITHIN TWENTY DAYS**<br>**(See ECF No. 36-7.)** |

**I.      BACKGROUND**

Raymond D. Chester ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on August 31, 2016, against defendants Audrey King (Executive Director), Jagsir Sandhu, M.D. (Chief Medical Officer), Bradley Powers, M.D. (Unit Physician), and Robert Withrow, M.D. (Medical Director of CSH) ("Defendants") for failing to provide adequate medical care to Plaintiff in violation of the Fourteenth Amendment.  (ECF No. 10.)  This case is in the discovery phase.

On October 28, 2019, Plaintiff filed *under seal* objections to defendant Bradley Powers's proposed order to seal Plaintiff's medical records.  (ECF No. 52.)  Plaintiff states in the objection that if the order sealing Plaintiff's medical records has already been signed he requests the court

to rescind the order. (Id. at 1:25-26.) On September 10, 2019, the court issued an order granting defendant Bradley Powers's *in camera* request to file Plaintiff's medical records *under seal*. (ECF No. 45.) Because the order has been signed the court treats Plaintiff's objections as a motion to rescind the court's order.

No opposition to Plaintiff's motion has been filed.

## II. PLAINTIFF'S MOTION

Plaintiff requests the court to rescind its order issued on September 10, 2019, which directed the Clerk of Court to file exhibits, consisting of Plaintiff's medical records, *under seal*, based on a stipulation and protective order submitted to the court by all of the Defendants regarding disclosure of confidential health information and personal information. Plaintiff argues that his medical records should not be unavailable as evidence in this case. He contends that control of the confidentiality of his medical records belongs to him, not the State, and he has expressly waived confidentiality in order to admit these records as evidence in this case.

## III. DISCUSSION

Plaintiff's motion to rescind the court's order is moot because the medical records at issue are no longer retained by the court in any format. Nevertheless, the medical records remain available as evidence in this case because all of the parties have gained access to Plaintiff's medical records through the discovery process. Plaintiff's argument that he controls the confidentiality of his medical records has merit, and Plaintiff is not precluded from waiving the confidentiality of his own records.

However, in light of the fact that the court requires a copy of "Exhibit D to the Declaration of Anoush Holaday" (ECF No. 36-7), and Plaintiff has waived the confidentiality of his medical records, the court shall direct defendant Bradley Powers to file a copy of "Exhibit D" with the court within twenty days.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to rescind the court's order issued on September 10, 2019, is DENIED as moot; and

2. Defendant Bradley Powers shall file a copy of "Exhibit D to the Declaration of Anoush Holaday" (ECF No. 36-7), with the court within twenty days of the date of service of this order.

IT IS SO ORDERED.

Dated: **May 6, 2020**           **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE