UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. CHESTER,<br><br>        Plaintiff,<br><br>vs.<br><br>AUDREY KING, et al.,<br><br>        Defendants. | 1:16-cv-01257-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**<br>**(ECF No. 51.)**<br><br>**ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT WITHIN THIRTY (30) DAYS**<br>**(ECF No. 37.)** |

**I.    BACKGROUND**

Raymond D. Chester ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on August 31, 2016, against defendants Audrey King (Executive Director), Jagsir Sandhu, M.D. (Chief Medical Officer), Bradley Powers, M.D. (Unit Physician), and Robert Withrow, M.D. (Medical Director of CSH) ("Defendants") for failing to provide adequate medical care to Plaintiff in violation of the Fourteenth Amendment.  (ECF No. 10.)  This case is in the discovery phase.

On August 19, 2019, defendant Bradley Powers, M.D., filed a motion for summary judgment.  (ECF No. 36.)  On the same date, with separate counsel, defendants King, Sandhu,

and Withrow also filed a motion for summary judgment.  (ECF No. 37.)  On September 9, 2019, Plaintiff filed an opposition to defendant Powers' motion; and he also filed a cross-motion for summary judgment.  (ECF Nos. 43, 44.)  On September 17, 2019, defendants King, Sandhu, and Withrow opposed Plaintiff's cross-motion for summary judgment.  (ECF No. 46.)  On September 30, 2019, defendant Powers replied to Plaintiff's opposition to his motion, opposed Plaintiff's motion, and replied to Plaintiff's statement of undisputed facts.  (ECF Nos. 47, 48.)

On October 25, 2019, Plaintiff filed a motion to strike his opposition to defendant Powers' motion for summary judgment; and to strike his own cross-motion.  (ECF No. 51.)  No opposition to the motion to strike has been filed.

Plaintiff's motion to strike is now before the court.  Local Rule 230(*l*).

## II.    MOTION TO STRIKE OPPOSITION AND CROSS-MOTION

Plaintiff seeks to strike his opposition to defendant Powers' motion for summary judgment and Plaintiff's own cross motion for summary judgment.  Plaintiff states as follows:

> The motion to strike is based on the impossibility of Defendant Powers'
> reply and opposition.  Plaintiff has proven, by the medical records ordered by the
> Court to be delivered to Plaintiff and obtained from defense counsel during
> discovery, and filed with the Court along with Plaintiff's cross-motion for
> summary judgment that Plaintiff is unreservedly entitled to summary judgment
> herein.   (ECF No. 51 at 1-2.)
>
> . . . . .
>
> The only facts framed by Plaintiff's First Amended Complaint and at issue
> herein are: (1) whether Plaintiff Raymond D. Chester had a diagnosed medical
> condition of Hepatitis C disease since 1997; (2) Plaintiff received no treatment for
> his Hepatitis C Disease from the time he contracted it until far *after* a cure for
> Hepatitis C disease, Harvoni, was marketed in 2014; (3) Plaintiff was denied
> treatment for Hepatitis C with Harvoni for years; (4) Plaintiff was finally

prescribed a  course of Harvoni in December 2017.  These are the only things at issue.  (<u>Id.</u> at 2:9-15.)

. . . . .

   For the foregoing reasons, Plaintiff urges the Court to strike the Reply and Opposition to Bradley C. Powers, M.D.'s Motion for Summary Judgment and Cross-Motion for Summary Judgment.  (<u>Id.</u> at 3.)

## II. DISCUSSION

   Plaintiff appears to misunderstand the consequences of withdrawing his opposition and cross-motion.  Plaintiff may not simply rely on his complaint and medical records to defend this case.

   On August 19, 2019, defendant Powers provided Plaintiff with notice of Rule 56 of the Federal Rules of Civil Procedure, and what he must do to oppose a motion for summary judgment.  (ECF No. 38.)  Plaintiff is advised to review the information again here:

   **PLEASE TAKE NOTICE** of the following advisory mandated by the decision of *Rand v. Rowland*, 154 F.3d 952, 955-56 (9th Cir. 1998) (en banc): **Defendant has made a motion for summary judgment by which it seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, ends your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment.**

   Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your

complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**PLEASE TAKE NOTICE** that written opposition to a motion for summary judgment or, in the alternative, motion for summary adjudication, under Rule 56 must be filed not more than 18 days, plus three days for mailing, after the date of service of the motion for summary judgment. Local Rule 78-230(m) provides that failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion . . ."

This means that the court may deem Plaintiff's failure to oppose Defendant's motion for summary judgment or, in the alternative, motion for summary adjudication of the issues, as a waiver and may recommend that the motion be granted on that basis.

Plaintiff has not filed an opposition to the motion for summary judgment filed by defendants King, Sandhu, and Withrow on August 19, 2019.  (ECF No. 37.)  Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days, but has not done so.  Local Rule 230(*l*).  Accordingly, within **thirty (30) days** from the date of service of this order, Plaintiff must file an opposition or a statement of non-opposition to defendants King, Sandhu, and Withrow's motion for summary judgment.  If Plaintiff fails to comply with this order, the court shall recommend that this action be dismissed, with prejudice, for failure to obey the court's order and failure to prosecute.

Based on the foregoing, Plaintiff's motion to strike shall be denied.

///

III.    **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to strike, filed on October 25, 2019, is DENIED;

2.      Within thirty days from the date of service of this order, Plaintiff is required to file an opposition, or notice of non-opposition to the motion for summary judgment filed by defendants King, Sandhu, and Withrow on August 19, 2019; and

3.      Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed, with prejudice, for failure to comply with the court's order and failure to prosecute.

IT IS SO ORDERED.

Dated:   __June 10, 2020__                         _____/s/ Gary S. Austin__
                                        UNITED STATES MAGISTRATE JUDGE